UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH MCNORIELL,

    Petitioner,

           CASE NO. 06-CV-11832
v.           HONORABLE JOHN CORBETT O'MEARA

MILLICENT WARREN,

    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

    This matter is before the Court on Petitioner's motion for relief from judgment, filed pursuant to Federal Rule of Civil Procedure 60(b), concerning the Court's October 25, 2007 decision denying his petition for writ of habeas corpus. Petitioner asserts that the Court failed to consider a witness affidavit in denying relief on his Fourth Amendment claim. The Court denied a certificate of appealability when it denied the petition, as did the United States Court of Appeals for the Sixth Circuit on July 7, 2008. Petitioner, through counsel, filed the instant motion on November 12, 2008.

    Under Federal Rule of Civil Procedure 60(b), a district court will grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied,

1

released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) – no more than one year after the entry of the judgment, order, or proceeding challenged in the motion. *See* Fed. R. Civ. P. 60(c)(1); *see also Conner v. Attorney General,* 96 Fed. Appx. 990, 992 (6th Cir. 2004). The bounds of reasonable time "ordinarily depends on the facts of the given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). A district court has broad discretion in deciding such matters, but that discretion is circumscribed by public policy favoring finality of judgments and termination of litigation. *See Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

Petitioner is not entitled to relief from judgment under Rule 60(b) because his motion is untimely. Petitioner claims that the Court made a mistake in denying his habeas petition yet he did not file his motion for relief from judgment within one year of the Court's judgment. A motion brought pursuant to Rule 60(b)(1) must be made within one year after the judgment, order or proceeding at issue. This time limit is jurisdictional and a district court does not have discretion to extend the period of limitation. *See Mitchell v. Rees*, 261 Fed. Appx. 825, 830 (6th Cir. 2008) (citing *Smith v. Sec'y of Health & Human Svs.*, 776 F.2d 1330, 1332-33 (6th Cir. 1985)). Contrary to Petitioner's assertion, he did not have one year from the Sixth Circuit's

2

denial of a certificate of appealability to file his motion; rather he had one year from the disputed decision. *See McDowell v. Dynamics Corp. of America*, 931 F.2d 380, 383 (6th Cir.1991) (the pursuit of an appeal "does not affect the time" in which a party must seek relief from judgment); *accord The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1088 (10th Cir. 2005) ("an appeal does not toll or extend the one-year time limit of Rule 60(b)"); *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002); *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989); *Hancock Indus. v. Schaeffer*, 811 F.3d 225, 239 (3d Cir. 1987); *Egger v. Phillips*, 710 F.2d 292, 329 (7th Cir.1983). Petitioner filed his motion for relief from judgment more than two weeks after the expiration of the one-year period. His motion is therefore untimely.

Additionally, even if the Court construes Petitioner's motion as one brought pursuant to Rule 60(b)(6), it is still untimely. That subsection has been interpreted narrowly and permits relief only in "extraordinary circumstances." *See Liljeberg v. Health Svs. Acquisition Corp.*, 486 U.S. 847, 863-64, (1988); *Abdur'Rahman v. Bell*, 493 F.3d 738, 741 (6th Cir. 2007). Such a motion must be filed within a reasonable time of the disputed decision. Petitioner did not act within a reasonable time in bringing his motion, nor has he shown extraordinary circumstances. The basis for Petitioner's motion was known to him and his counsel at the time the Court rendered its decision. Petitioner has not provided sufficient explanation as to why the Court should consider his extended delay to be reasonable. His motion is untimely and must be denied.

Lastly, even if the Court considers Petitioner's motion as timely under Federal Rule of Civil Procedure 60(b), he is not entitled to relief. Petitioner has not shown that the Court failed to consider any materials relevant to the resolution of his habeas claims. The Court properly

reviewed the pleadings, exhibits, and state court record in denying him relief on his claims, including his Fourth Amendment claim. Petitioner has not established that the Court erred in denying the petition. Thus, in addition to being untimely, Petitioner's motion lacks merit.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for relief from judgment is **DENIED**. This case is closed.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: November 13, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 13, 2008, by electronic and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager